UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

LERNEY MORALES, on behalf of himself
individually and all others similarly situated

                            Plaintiff,

-against-

ADMIN RECOVERY, LLC and ANGELO
MARZULO

                            Defendants.

-----------------------------------------------------------------X

Case No.

**CV10- 1221**

**CLASS ACTION COMPLAINT**

**COGAN, J.**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAR 17 2010 ★
BROOKLYN OFFICE

Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendants and in support thereof alleges the following:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

## PARTIES

2. Plaintiff is a natural person residing in this District and is a consumer as defined by the FDCPA, § 1692a(3).

3. Upon information and belief, the first-named defendant ("Admin") is a debt collector, as defined pursuant to 15 U.S.C. § 1692a(6), and is a domestic business

Page -1-

corporation incorporated in New York. On information and belief, second-named defendant is an officer or employee of Admin and is the person who sent a letter to plaintiff. Both defendants shall hereafter be referred to together as "defendant".

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331.

## AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff re-alleges paragraphs 1 to 4 as if fully re-stated herein.

6. That on or about June 12, 2009 defendant sent a collection letter to the plaintiff in an attempt to collect an alleged debt incurred for personal/consumer purposes to Shoppers Charge. Plaintiff received said letter. A copy of said letter is attached as Exhibit "1".

7. That the purported validation notice in the letter states in pertinent part:

> " If you notify this office in writing within 30 days of receiving this notice, this office will obtain verification of the debt."

That this statement violates the FDCPA, including but not limited to §1692g(a)(4), in that the said provision provides that the statement to the consumer should be that a copy of the verification or judgment will be obtained by the debt collector and a copy will be mailed to the consumer by the debt collector. The statement in the letter does not state that the verification or judgment will be mailed to the consumer by the debt collector.

8. That said language also constitutes a false representation or a deceptive means to collect or attempt to collect a debt in violation of §1692e(10).

Page -2-

## AS AND FOR A SECOND CAUSE OF ACTION

9. Plaintiff re-alleges paragraphs 1 to 8 as if fully re-stated herein.

10. That the aforesaid letter states further, in pertinent part:

" The debt identified above was sold by, all of your rights and obligations regarding this contract have been placed with this office."

That this statement violates the FDCPA, including but not limited to §1692g(a)(2), in that said statement does not clearly state the name of the creditor to whom the debt is owed. The statement in the letter seems to be saying, at one and the same time, that the debt has been sold by "this office" and that all plaintiff's rights and obligations have been placed with "this office". These two statements are contradictory. Nowhere else in the letter is there any indication of the identity of the current creditor, as is required by the FDCPA.

11. That, by reason of the foregoing, said failure to state the name of the creditor to whom the debt is owed constitutes a false representation or a deceptive means to collect or attempt to collect a debt in violation of §1692e(10).

## CLASS ALLEGATIONS

12. That plaintiff re-alleges paragraphs 1-11 as if fully re-stated herein.

13. That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant's records reflect resided in the United States and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about June 12, 2009; (b) the collection letter was sent to a consumer seeking payment of an alleged consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d)

the letter contained violations of 15 U.S.C. §§1692g and 1692e in that the letter failed to state that a copy of the verification and judgment will be mailed to the consumer by the debt collector and the letter failed to state the name of the creditor to whom the debt is owed.

        14.    That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

        (A)    Based on the fact that the collection letter that is the gravamen of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received debt collection notices from the defendant which violate the various provisions of the FDCPA.

        (B)    There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA by sending collection letters with an improper validation notice, in violation of 15 U.S.C. §§ 1692g(a)(4) and 1692e(10), and which letters do not adequately state the name of the creditor to whom the debt is owed in violation of 15 U.S.C. §§ 1692g(a)(2) and 1692e(10).

        (C)    The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D)     The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)     The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained experienced counsel. The plaintiff's interests are consistent with those of the members of the class.

15. That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

16. That if the facts are discovered to be appropriate, the plaintiff will seek to certify a class action pursuant to rule 23(b)(3) of the Federal Rules of Civil Procedure.

17. That communications from debt collectors, such as those sent by the defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

18. That as a result of the above violations, defendant is liable to the plaintiff and the members of the class for statutory damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

19. That defendant violated the FDCPA. Defendant's violations include, but are not limited to:

   a) failing to include a statement that the defendant would send a copy of the verification or judgment to the consumer, in violation of the FDCPA, including but not limited to §§1692g(a)(4) and 1692e(10); and

   b) failing to include a statement of the name of the creditor to whom the debt is owed, in violation of the FDCPA, including but not limited to §§1692g(a)(2) and 1692e(10).

WHEREFORE, plaintiff respectfully prays that judgment be entered against the defendant as follows:

   (a) statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

   (b) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

   (c) reasonable attorney's fees, costs and disbursements pursuant to 15 U.S.C. § 1692k; and

   (d) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
      March 12, 2010.

                                      */s/ Novlette R. Kidd*
                                      NOVLETTE R. KIDD, ESQ. (NK 9339)
                                      FAGENSON & PUGLISI
                                      Attorneys for Plaintiff
                                      450 Seventh Avenue, Suite 704
                                      New York, New York 10123
                                      Telephone: (212)268-2128
                                      nkidd@fagensonpuglisi.com

**EXHIBIT "1"**

# ADMIN RECOVERY, LLC

5930 Main Street
Williamsville, NY 14221
Phone 1-866-703-7961 ~ Fax 1-716-580-3823

Morales Lerney

Brooklyn NY

June 12, 2009

ID: 0002450018
Original Creditor: Shoppers Charge

File #: 208
Balance: $

Dear Morales Lerney,

This is a demand for payment of the original debt incurred by you. The debt identified above was sold by, all of your rights and obligations regarding this contract have been placed with this office.

Your past due contract is currently being reviewed. You may choose to resolve this matter with one of the following options: (1) You may pay the balance in full in the amount of $196.32 with certified funds or (2) You may contact this office to make an acceptable payment arrangement.

You may contact this office toll free at 1-866-703-7961, Monday through Friday 8:00am-9:00pm EST. **Please refer to the file number indicated above.**

Federal law requires we notify you this is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

**All payments are to be remitted to: Admin Recovery LLC, 5930 Main St Williamsville NY 14221.**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days of receiving this notice, this office will obtain verification of the debt. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of original creditor, if different from the current creditor.

Sincerely,

Angelo Marzulo
GM

---

*** Detach Lower Portion and Return with Payment ***       4365 ADRE10N5 TYBB93D6B7

TYBB93D6B7

5930 Main Street
Williamsville NY 14221-5718
ADDRESS SERVICE REQUESTED

ID: 0002450018
Original Creditor: Shoppers Charge
File #: 208
Balance:

#BWNKGZZ
#TYBB93D6B7# 208589-AN50  4365
Morales Lerney
825 E 38th St
Brooklyn NY 11210-1941

Admin Recovery, LLC
5930 Main Street
Williamsville NY 14221-5418